UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL FERGUSON, CDCR #V-37116,<br><br>Plaintiff,<br><br>vs.<br><br>M. VILLA, et al.,<br><br>Defendants. | Case No.: 3:17-cv-00677-JAH-WVG<br><br>**ORDER:**<br><br>**1) DENYING MOTIONS TO EXTEND TIME AND TO APPOINT COUNSEL [ECF Nos. 13, 15]**<br><br>**2) GRANTING MOTION TO EXPAND AMENDED COMPLAINT [ECF No. 17]**<br><br>**3) DISMISSING ALL IMPERIAL COUNTY DEFENDANTS AND CLAIMS PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)**<br><br>**AND**<br><br>**4) TRANSFERRING REMAINDER OF CIVIL ACTION TO EASTERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 84(b) AND 28 U.S.C. § 1406(a)** |

## I. Procedural History

RAFAEL FERGUSON ("Plaintiff"), incarcerated at California Correctional Institute ("CCI") in Tehachapi, California at the time he initiated suit in April 2017, but since transferred to the California Substance Abuse Treatment Facility in Corcoran, *see* ECF No. 18, is proceeding pro se and in forma pauperis ("IFP") in this civil rights action, filed pursuant to 42 U.S.C. § 1983. *See* ECF No. 1.

In his original Complaint, Plaintiff claimed almost 70 individual California Department of Corrections and Rehabilitation ("CDCR") correctional and medical care officials employed at CCI, Kern Valley State Prison ("KVSP"), and Calipatria State Prison ("CAL"), violated his right to be free of cruel and unusual punishments beginning in January 2011, while he was incarcerated at CAL, and after he decided to "drop[] out of the prison gang (Mexican Mafia)," eventually "debriefed" at CCI between May 2013 and January 2015, was transferred to a "transitional housing unit" at KVSP until July 2016, and later was transferred back to the Segregated Housing Unit ("SHU") at CCI. *See* ECF No. 1 at 14-47. Plaintiff claimed Defendants at all three prisons retaliated and conspired in a coordinated effort against him by poisoning and/or contaminating his food and water, threatening, harassing him, and denying him medical care for a host of ailments he claims were caused by his treatment after he first "dropped out" at CAL in 2011. *Id*. Plaintiff sought injunctive relief as well as general and punitive damages, and demanded a jury trial. *Id*. at 49-51.

On July 12, 2017, this Court granted Plaintiff's motions to proceed leave to IFP and to exceed Local Rule 8.2.a's page limitations, denied his motion for appointment of counsel, and sua sponte dismissed all claims alleged to have arisen at CAL as untimely pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See* ECF No. 5 at 8-11, 14-15. The Court further granted Plaintiff 45 days in which to file an Amended Complaint, but explicitly cautioned that should his Amended Complaint fail to allege any plausible and timely claim for relief against the CAL Defendants, yet also re-allege timely and plausible claims for relief arising at CCI or KVSP against correctional officials employed

by those institutions, the Court would sua sponte dismiss all untimely claims alleged relating to CAL without further leave to amend. This Court advised it would transfer the remainder of the case to the Eastern District of California, where venue would then be proper pursuant to 28 U.S.C. §§ 84(b) and 1406(a). *Id.* at 12-15 (citing *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (citation omitted); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993) (noting that a time-barred action may not ordinarily be dismissed at pleading without leave to amend unless "some fact, evident from the face of the complaint, support[s] the conclusion that the plaintiff could not prevail, as a matter of law, on the equitable tolling issue.")).

On September 18, 2017, the Court denied Plaintiff's request to file a Supplemental Complaint pursuant to Fed. R. Civ. P. 15(d), but granted him additional time in which to file an Amended Complaint that addressed the pleading deficiencies noted in the Court's July 12, 2017 Order. *See* ECF No. 10.

On October 16, 2017, Plaintiff timely filed his Amended Complaint ("FAC") (ECF No. 11), together with a Motion for Extension of Time (ECF No. 15), another Motion to Appoint Counsel (ECF No. 13), and a Motion to "Expand" his FAC beyond the page limitations set by S.D. Cal. CivLR 8.2a, and the Court's previous orders. *See* ECF No. 17.

## II. Motion for Extension of Time

Plaintiff filed his current Motion for Extension of Time together with his FAC, but his FAC was timely filed on October 16, 2017 (ECF No. 11). Therefore, his request for an extension of time in which to submit his FAC (ECF No. 15) is unnecessary and **DENIED** as moot.

## III. Motion to Appoint Counsel

Plaintiff's renewed Motion to Appoint Counsel (ECF No. 13), is practically

3

3:17-cv-00677-JAH-WVG

identical to the one this Court denied on July 12, 2017. *See* ECF No. 5 at 4-5, 14. He simply repeats his previous request that the Court appoint him counsel due to his indigence, his "health complications," limited knowledge of the law and access to the law library, and his eventual need for assistance in presenting evidence at trial and cross-examining witnesses. *See* ECF No. 13 at 1.

As Plaintiff knows, all documents filed by persons proceeding without trained legal counsel are liberally construed, and "a pro se complaint, however inartfully pleaded, [is] held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted)). Moreover, there is no constitutional right to counsel in a civil case, and none of Plaintiff's successive pleadings in this matter demand that the Court exercise its limited discretion to request that an attorney represent him pro bono pursuant to 28 U.S.C. § 1915(e)(1) at this stage of the case. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Only "exceptional circumstances" support such a discretionary appointment. *Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Exceptional circumstances exist only where there is cumulative showing of both a likelihood of success on the merits and a demonstrated inability of the pro se litigant to articulate his claims in light of their legal complexity. *Palmer*, 560 F.3d at 970.

As currently pleaded, Plaintiff's FAC, like his original Complaint, is verbose and convoluted. However, both his pleadings demonstrate that while he may not be formally trained in law, Plaintiff is more than fully capable of legibly articulating the facts and circumstances relevant to his purported Eighth Amendment claims. The basis for Plaintiff's suit is neither atypical nor legally "complex." *Agyeman*, 390 F.3d at 1103.

Moreover, for the reasons discussed below, Plaintiff still fails to allege facts sufficient to show he is likely to succeed on the merits–especially in relation to the claims re-alleged against CAL officials which, on the face of his pleadings remain barred by the

statute of limitations, and for which he offers no basis for equitable tolling. The remainder of his claims are subject to transfer to the Eastern District, and while this Court defers consideration of the sufficiency of all claims alleged to have arisen in Kern County against the remaining named CCI and KVSP Defendants to the Eastern District, nothing in Plaintiff's FAC demonstrates to this Court that the extraordinary circumstances required by 28 U.S.C. § 1915(e)(1) are present at this time. *Id.*; 28 U.S.C. § 1406(a); *see also Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014).

For these reasons, the Court **DENIES** Plaintiff's renewed Motion for Appointment of Counsel (ECF No. 13).

## IV. Motion to Expand Complaint

As he did in conjunction with his original pleading, and despite two previous Orders compelling his compliance with FED. R. CIV. P. 8(a) and Local Rule 8.2.a, *see e.g.,* ECF Nos. 5 at 15; ECF No. 10 at 7, Plaintiff has filed yet another Motion to "expand" his FAC beyond the pleading format and page limits set by S.D. Cal. CivLR 8.2.a, which requires prisoners to use the Court form § 1983 Complaint, and attach no more than 15 additional pages. *See* ECF No. 17. Plaintiff claims, as he did previously, that he requires more space in which to "provide specific information as to each defendant." *Id.* at 1.

Because the Court has denied Plaintiff's requests to appoint counsel, his FAC was submitted on the Court's form Complaint, he continues to name more than 70 individual correctional officials as parties, and has attached 10 pages of exhibits to his pleading, which now comprises a total of 43 pages, the Court will exercise its discretion once more and **GRANTS** Plaintiff's Motion to Expand his FAC (ECF No. 17), which it now subjects to mandatory sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A.

## V. Screening of Amended Complaint

As Plaintiff is now well aware, the Prison Litigation Reform Act ("PLRA") requires review of all complaints filed by persons proceeding IFP, as well as those filed

5

3:17-cv-00677-JAH-WVG

by persons, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Under the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

### A. Standard of Review

"The purpose of § 1915[] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *accord Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and

6

3:17-cv-00677-JAH-WVG

common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

While a plaintiff's factual allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even before *Iqbal*, "[v]ague and conclusory allegations of official participation in civil rights violations" were not "sufficient to withstand a motion to dismiss." *Id.*

### B. Allegations in Amended Complaint

As to all Defendants alleged to reside in Imperial County and to be employed at CAL when Plaintiff was incarcerated there from 2011 and until his transfer to CCI in May 2013,[1] Plaintiff's FAC re-alleges the same facts as he did in his original Complaint.

---

[1] The CAL Defendants previously named in Plaintiff's Complaint are as follows: Villa, Janda, Trujillo, Groth, Duarte, Castillo, Whitman, Lizaraga, Hatfield, Perez, Ortiz, Hurtado, Ramos, Reyes, Flores, Lopez, Jane Doe, and Alvarez. *See* ECF No. 1 at 2-5. All those parties were dismissed with leave to amend on July 12, 2017. *See* ECF No. 5 at 14. Plaintiff's FAC renames all these Imperial County residents, and adds one additional CAL official, C. Espitia, an inmate Appeals Coordinator also alleged to reside in Imperial County. *See* ECF No. 11 at 10. Plaintiff claims only that Espitia violated his "right to the appeal process" by failing to process his CDC "602's" and a "22 Form" in 9/11/12, and for "refusing to accept [his] 602s on 3/10/16 and 9/11/16." *See id.* at 10, 16, 25. As for Espitia's alleged wrongdoing in 2012, Plaintiff's claims are untimely and must be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A for the same reasons his claims as to the other previously named CAL Defendants must be dismissed. As for Plaintiff's additional claim that Espitia again violated his rights in *2016* by "refusing to accept" his 9/11/12 "original 22 form," *id.* at 30, Plaintiff fails to state a claim for other

7

Specifically, Plaintiff claims to have participated in two separate interviews at CAL with Defendant Villa and Defendants Trujillo, Groth, and Duarte, who were Institutional Gang Investigators ("IGIs") in January 2011, related to a weapon found in his cell. During these interviews, Plaintiff claims to have provided to Villa, Trujillo, Groth, and Duarte "information regarding ASU gang activity," and to have identified the prison staff members whom he thought had "introduced [contraband] into the institution." *See* FAC, ECF No. 11 at 11-12. Plaintiff claims he was informed that "everything [he] told [Villa] would be kept confidential," *id.* at 11, that he would be removed from the general population, "was going to a far better place," would be transferred "ASAP" if he cooperated, and that "by the time [he] was done debriefing[2] the knife charge would go away." *Id.* at 12.

Plaintiff was placed in the SHU as the result of having "dropped out" of the Mexican Mafia, but he was not transferred out of CAL until May 2013, despite his having made several repeated requests to Defendants Duarte, Janda, Whitman, and Groth for an emergency transfer due to safety concerns he had for himself and his family. *Id.* at 12-14. During that time, Plaintiff claims to have been pressured to give CAL's IGI

---

reasons. Prisoners have no stand-alone due process rights related to the administrative grievance process. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). "Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances." *Haynie v. Voong*, No. 116CV01561AWIBAMPC, 2017 WL 5625892, at *4 (E.D. Cal. Nov. 22, 2017).

[2] "Debriefing" is "the process by which a gang coordinator/investigator determines whether an inmate/parolee (subject) has dropped out of a gang. A subject shall be debriefed only upon his or her request, although staff may ask a subject if he or she wants to debrief. Debriefing shall entail a two-step process that includes an interview phase and an observation phase." *In re Sampson*, 197 Cal. App. 4th 1234, 1239 n.5 (June 30, 2011); *Osegueda v. Stanislaus Cty. Pub. Safety Ctr.*, No. 1:16-CV-1218-LJO-BAM, 2017 WL 1348943, at *3 (E.D. Cal. Apr. 11, 2017).

members his "autobiography" so that they could start his debriefing process, but Plaintiff lost confidence that his cooperation would remain confidential and consistently refused to do so. *Id.* at 14.

Plaintiff claims that as a result of his refusals, he was subject to various "plots" and efforts to retaliate against and psychologically intimidate him in the CAL SHU, including the poisoning of his food and the contamination of his water, at the hands of CAL Defendants Lizaraga, Castillo, Hatfield, Reyes, Ramos, Perez, Ortiz, Hurtado, Flores, Lopez, and Alvarez.[3] *Id.* 14-17. After Plaintiff "got notice that the D.A. had picked up the knife charge," he "took the charge to knife under the disguise of [a] deal," in March 2013,[4] and was then transferred to CCI two months later in May 2013, where he eventually debriefed. He claims "the retaliation continued" due to his having "dropped out" and "informed" on "corrupted staff" while at CAL. *Id.* at 19.[5]

C. Statute of Limitations – CAL Defendants and Claims

As noted above, this Court dismissed Plaintiff's original Complaint because while venue properly lies in the Southern District of California as to Plaintiff's claims against

---

[3] Plaintiff also includes an unidentified "female Sgt for 2nd watch" in the group of CAL SHU officers who are alleged to have harassed, poisoned, and intimidated him, whom the Court assumes to be the sole remaining CAL official otherwise identified only as "Jane Doe." *See* ECF No. 11 at 4, 19.

[4] In conjunction with the 2-year knife "deal," Plaintiff admits he was already serving an "LWOP" term, "so any years didn't really affect [his] sentence." ECF No. 11 at 18.

[5] Because the remainder of Plaintiff's allegations relate only to incidents arising at CCI and KVSP, and against Defendants alleged to reside in Kern and Sacramento County, *see* ECF No. 11 at 2, 3, 5-10, 19-26, and because this Court finds all claims alleged to have been committed by Imperial County residents and to have arisen at CAL are time-barred, it defers the mandatory review and screening required of Plaintiff's remaining allegations pursuant to 28 U.S.C. § 1915(e) and § 1915A and as to the CDCR, CCI, and KVSP Defendants, to the Eastern District of California, which is now the only the proper venue. *See* 28 U.S.C. §§ 84(b), 1391(b).

CAL correctional officials Villa, Trujillo, Groth, Duarte, Castillo, Janda, Whitman, Lizaraga, Hatfield, Perez, Ortiz, Hurtado, Ramos, Reyes, Flores, Lopez, Doe, and Alvarez, all of whom are alleged to reside in Imperial County, where CAL is located, they were nevertheless subject to sua sponte dismissal for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)(1) because they are time-barred. *See* ECF No. 5 at 8-11, 14. *See also* 28 U.S.C. § 84(d); § 1391(b); *Atl. Marine Const. Co. Inc. v. U.S. District Court for the Western District of Texas*, 134 S. Ct. 568, 578-79 (2013).

"A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). Because "[a] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim," the Court granted Plaintiff an opportunity to file an Amended Complaint which alleged facts to suggest his entitlement to either statutory and/or equitable tolling. *See* ECF No. 5 at 9-11 (quoting *Supermail Cargo, Inc. v. U.S.,* 68 F.3d 1204, 1206 (9th Cir. 1995); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276-77 (9th Cir. 1993)); *see also Hinton v. Pacific Enterprises*, 5 F.3d 391, 395 (9th Cir. 1993) ("The burden of alleging facts which would give rise to tolling falls upon the plaintiff.").

Plaintiff's FAC alleges no facts to plausibly show that he is entitled either to statutory or equitable tolling as permitted by California law. In fact, both his original Complaint and his FAC contain virtually the identical statement of facts describing his decision to "drop out" of the Mexican Mafia, the information he provided in confidence to CAL's IGIs beginning in January 2011, the CAL Defendants' roles during the investigations that followed, his placement in the SHU, CAL officials' efforts to further encourage and/or intimidate him into providing them with an "autobiography" as part of the debriefing process, Plaintiff's repeated requests for a transfer, and the alleged "plot" to poison his food and water up the time he was transferred to CCI in May 2013.

*Compare* ECF No. 1 at 14-24, *with* ECF No. 11 at 11-19.

As noted in the Court's July 12, 2017 Order, because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003, California's statute of limitations was one year. *Jones*, 393 F.3d at 927. Effective January 1, 2003, the limitations period was extended to two years. *Id.* (citing Cal. Civ. Proc. Code § 335.1).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Hardin v. Straub*, 490 U.S. 536, 543-44 (1989) (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual ... the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391. Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

As alleged in both his original and amended Complaints, the "wrongful acts" alleged to have been taken against Plaintiff at CAL occurred between January 2011 and May 2013, after he first elected to drop out of the Mexican Mafia, cooperate with CAL gang investigators, and was placed in CAL's SHU based on his initial willingness to debrief. *Wallace*, 591 U.S. at 391; *see also Maldonado*, 370 F.3d at 955; *Jones*, 393 F.3d at 927. Plaintiff therefore first knew, or had reason to know, of the injury giving rise to his Eighth Amendment cruel and unusual punishment claims as soon as he admits he "realize[d] these IGI[s] had betrayed [him]" on January 22, 2011, by "leaking" confidential information he had provided to Sgt. Villa on January 18, 2011, and which he further alleges placed him and his family at risk. *See* ECF No. 11 at 11, 12.

Plaintiff contends he was assured "no information would be leaked," a "knife

11

charge" would be dismissed, and he "would be getting [a] transfer … to debrief ASAP," as early as January 22, 2011. *See* ECF No. 11 at 11-12. Plaintiff claims, however, that he was not transferred to CCI until May 2013, *id.* at 19, and that he remained in CAL's SHU, and had multiple requests for an "emergency transfer" denied unless he indicated he was willing to "start [his] debriefing" and submit his "autobiography." *Id.* at 12-18. During this time at CAL, Plaintiff claims he was subject to a "hostile, unsafe and unfriendly environment created by corrupted C/Os," and was deprived of a "TV, radio, cellie or protection from C/Os," who "threat[ened] and poison[ed] [him] for over two and [a] half years." ECF No. 11 at 13.[6]

Based on these allegations, the Court continues to conclude that Plaintiff had "reason to know" of his injuries at CAL *as early as* January 22, 2011, more than six years ago, *or as late as* May 2013, almost four years ago. However, he waited to file suit until April 3, 2017. Even assuming the wrongful conduct was continuous up to and including May 2013, Plaintiff still filed suit well after the two-year limitations period applicable to his Eighth Amendment claims against the CAL Defendants elapsed. *See Maldonado*, 370 F.3d at 955. Therefore, all claims arising at CAL are time-barred, unless Plaintiff has further alleged facts to show he is entitled to either statutory or equitably tolling. *See Hinton*, 5 F.3d at 395.

The law of the forum state also governs tolling. *Wallace*, 549 U.S. at 394 (citing *Hardin*, 490 U.S. at 538-39); *Jones*, 393 F.3d at 927 (where the federal court borrows the

---

[6] Plaintiff's remaining claims against CAL Defendants Castillo, Janda, Whitman, Lizaraga, Hatfield, Perez, Ortiz, Hurtado, Ramos, Reyes, Flores, Lopez, Doe, and Alvarez, all involve these Defendants' alleged "intimidation tactics" and harassment beginning in January 2011, designed to both retaliate against Plaintiff for being an informant, *and* to pressure him into giving the gang investigators his "autobiography" and to "start debriefing." *See* ECF No. 11 at 13-19. Specifically, Plaintiff continues to claim these CAL officials engaged a concerted effort to lie to him, spike his food, contaminate his water, taunt and psychologically torture him beginning in 2011, and persisting up until his transfer to CCI in May 2013. *Id.*

state statute of limitation, the federal court also borrows all applicable provisions for tolling the limitations period found in state law). Under California law, the statute of limitations for prisoners serving less than a life sentence is tolled for an additional two years. CAL. CIV. PROC. CODE § 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir. 2000), *overruled on other grounds*, 543 U.S. 499 (2005).

Because it was not clear from the face of Plaintiff's original Complaint whether he might be eligible to claim statutory tolling, *see* ECF No. 5 at 9-10 & n.2, the Court granted him leave to allege facts to show that the Eighth Amendment claims related to his placement in CAL's SHU due to his drop-out status, first arising between January 17, 2011, *see* ECF No. 11 at 13, and continuing until May 21, 2013, when he was eventually transferred to CCI, *id.* at 13-19, were statutorily tolled for two additional years—or until May 21, 2015, at the latest—because he is serving a prison sentence "for a term less than for life" as provided CAL. CIV. CODE PROC. § 352.1(a) ("If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court *for a term less than for life*, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.") (emphasis added)).

In his FAC, however, Plaintiff now admits his "original sentence is LWOP [life without parole]." *See* ECF No. 11 at 18; *see also People v. Melara & Ferguson*, 2006 WL 164989 at *1 (Cal. Ct. App. 2d Dist., Div. 4, Jan. 24, 2006) (unpub.) (affirming Plaintiff's convictions for two counts of first degree murder with special circumstances, one count of attempted, willful, deliberate and premeditated murder, together with true findings of gang benefit, and the personal discharge of a firearm causing death or great bodily injury resulting in "an aggregate term of *life without the possibility of parole* plus 125 years to life.") (emphasis added).

Therefore, it is now clear from the face of Plaintiff's pleading that he is *not* entitled to statutorily toll California's limitations period—which began to run as early as January

13

3:17-cv-00677-JAH-WVG

2011, when Plaintiff first dropped out at CAL, or as late as May 2013, when he was eventually transferred to CCI—for the two years provide by Cal. Civ. Code Proc. § 352.1(a). *See Gonzalez v. Gardemal*, 599 Fed. Appx. 292 (9th Cir. 2015) (affirming dismissal of retaliatory transfer and due process claims related to gang re-validation as time-barred because California prisoner was "incarcerated for a life term without the possibility of parole" and therefore, was "not entitled to statutory tolling" pursuant to Cal. Civ. Proc. Code § 352.1(a)); *see also Guerra v. Janda*, 2014 WL 43885689 at *10 (S.D. Cal. July 22, 2014) (unpub.) (finding Cal. Code Civ. Proc. § 352.1(a)'s plain language "simply does not apply" to a California prisoner "sentenced to a life term without the possibility of parole, or a straight life term."); *accord Gonzalez v. Adams*, 2013 WL 636730 at *6 (E.D. Cal. Feb. 20, 2013) (unpub.).

Finally, while the Court previously informed Plaintiff that his CAL claims might also be considered timely if, in his Amended Complaint, he alleged facts sufficient to show the limitations period may be equitably tolled, *see* ECF No. 5 at 11 (citing *Cervantes*, 5 F.3d at 1276-77; *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988)), his FAC includes no such facts and offers no argument to show that he diligently pursued his claims, was unable to timely file suit due to forces beyond his control, or that the CAL Defendants would not suffer prejudice should his claims be subject to equitable tolling. *See* ECF No. 5 at 11 (citing *Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916)).

Accordingly, the Court now finds that it is clear from the face of Plaintiff's FAC that his claims against all CAL Defendants are barred by the statute of limitations. Because Plaintiff has been given an opportunity, but has failed to plead any additional facts which, if proved, might support a plausible claim for statutory and/or equitable tolling, *see Cervantes*, 5 F.3d at 1277; *Iqbal*, 556 U.S. at 679, these claims and Defendants are again subject to sua sponte dismissal for failing to state a claim upon which section 1983 relief may be granted. Leave to again amend the untimely CAL

claims is now **DENIED** as futile. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

## VI.  Conclusion and Order

Based on the foregoing, the Court:

1) **DENIES** Plaintiff's Motions to Extend Time and to Appoint Counsel [ECF Nos. 13, 15];

2) **GRANTS** Plaintiff's Motion to Expand Amended Complaint [ECF No. 17];

3) **DISMISSES** Calipatria State Prison Defendants Villa, Janda, Trujillo, Groth, Duarte, Castillo, Whitman, Lizaraga, Hatfield, Perez, Ortiz, Hurtado, Ramos, Reyes, Flores, Lopez, Jane Doe, Alvarez, and Espitia sua sponte based on Plaintiff's failure to state a timely claim for relief against them and without further leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(ii) and § 1915A(b)(1); and

4) **DIRECTS** the Clerk of the Court to **TRANSFER** the remainder of this civil action in the interests of justice to the Eastern District of California pursuant to 28 U.S.C. § 84(b) and 28 U.S.C. § 1406(a).[7]

**IT IS SO ORDERED**.

Dated: February 5, 2018

HON. JOHN A. HOUSTON
United States District Judge

---

[7] Because the Court finds transfer appropriate, it expresses no opinion as to whether Plaintiff's remaining claims survive the sua sponte screening required by both 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b) and leaves that determination to the Eastern District of California. *See Lopez,* 203 F.3d at 1126-27 (28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim); *Rhodes,* 621 F.3d at 1004 (discussing screening procedure required of prisoners' complaints by 28 U.S.C. § 1915A(b)).

15

3:17-cv-00677-JAH-WVG