UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL FERGUSON,<br><br>Plaintiff,<br><br>v.<br><br>M. VILLA, *et al.*,<br><br>Defendants. | Case No. 1:18-cv-00182-AWI-EPG (PC)<br><br>**ORDER FOR PLAINTIFF TO:**<br><br>**(1) FILE A SECOND AMENDED COMPLAINT LIMITED TO 20 PAGES; OR,**<br><br>**(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT, SUBJECT TO FINDINGS AND RECOMMENDATIONS TO THE DISTRICT JUDGE CONSISTENT WITH THIS ORDER**<br><br>(ECF No. 11)<br><br>**THIRTY (30) DAY DEADLINE** |

### I. BACKGROUND

Rafael Ferguson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a prisoner civil rights complaint on April 3, 2017. (ECF No. 1) Plaintiff named over 70 individual defendants. Plaintiff alleged various constitutional violations stemming from his incarceration at Calipatria State Prison ("CAL"), Kern Valley State Prison ("KVSP"), and California Correctional Institute in Tehachapi, California ("CCI"). Plaintiff filed a First Amended Complaint on

1

October 16, 2017. (ECF No. 11).

District Judge John A. Houston of the Southern District of California eventually issued a screening order regarding the First Amended Complaint. (ECF No. 19). Judge Houston concluded that all allegations related to Plaintiff's time at CAL were barred by the statute of limitations and should be dismissed. Judge Houston then transferred the case to this district. He explained at the end of his order, "[b]ecause the Court finds transfer appropriate, it expresses no opinion as to whether Plaintiff's remaining claims survive the *sua sponte* screening required by both 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b) and leaves that determination to the Eastern District of California." (ECF No. 19 at 15).

The Court has reviewed the First Amended Complaint ("FAC"), and finds it illegible and incomprehensible in its current form. It is thus subject to dismissal in violation of Rule 8 of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The Court gives Plaintiff the option of filing within 30 days an amended complaint limited to no more than 20 pages with legible handwriting. In the alternative, Plaintiff may state that he stands on the FAC, in which case the Court will recommend to the District Judge that the FAC be dismissed for reasons described in this order.

**II. SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, (ECF No. 6), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii).

**III.  SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff's First Amended Complaint is 43 pages long. (ECF No. 11). It includes over 70 names defendants. It covers events at three prisons. The writing is single-spaced, small, and very difficult to read. There are no paragraphs, just a long string of sentences. The complaint describes various things that have happened over many years. A representative example of allegations is as follows:

> In August I was put in a holding cell while waiting to see the dentist on the holding cells wall drawn with marker was a smiling face with its tongue sticking out [picture of face and words "ha ha ha]. Initially I did not think anything of it, even though c/os who picked me up were smiling. However on 9-24-14 during my ICC review I was left in front of ICC members for over 15 minutes while I was suffering extreme prostate pain and swelling like never before or after in my life while these ICC members had smirks on their faces. After ICC for the first time in my life my tongue started hurting bad, real bad. I instantly realize something was injected into my system. My tongue hurts since then though the pain, blisters and bumps fluctuates, since then I feel horrible.

(ECF No. 11 at 21).

**IV.  PLEADING STANDARDS**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly,* 550 U.S. at 556–557.

Moreover, Rule 8(d)(1) states, "[e]ach allegation must be simple, concise, and direct." A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *See Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 640 (9th Cir. 1988); *see also McHenry v. Renne,* 84 F.3d 1172 (9th Cir. 1996). Rule 10(b) also requires a plaintiff to

state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b).

Plaintiff's complaint is not a clear statement of his claim. It is very long. It is written in very small illegible handwriting. It does not state legal claims supported by facts. Instead, it is a long narrative of things that happened at three institutions over many years. It is very difficult to read. The Court cannot determine what claims Plaintiff is bringing or why. The Court cannot understand what each defendant did that violated Plaintiff's constitutional rights.

It is not the responsibility of the Court to review a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims. Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give the defendants fair notice of his claims against them and of his entitlement to relief.

Plaintiff may amend his complaint. If he does so, his complaint must be clearly printed or typed. It must be no longer than 20 pages. It must not include any dismissed claims or defendants related to CAL. It must state what each defendant did and why it violated a constitutional right.

Plaintiff can also choose to stand on this complaint, in which case this Court will recommend to the District Judge that the complaint be dismissed for failing to comply with the Rules regarding pleading described above.

V. **CONCLUSION AND ORDER**

The Court has screened Plaintiff's First Amended Complaint, and finds that it fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff may file an amended complaint or stand on this complaint, subject to Findings and Recommendations to the District Judge. If Plaintiff elects to file an amended complaint, it must be filed within 30 days of the date of service of this order, must be no longer than 20 pages, and must set forth plaintiff's claim(s) simply, concisely, and directly.

Should Plaintiff choose to file a second amended complaint, it should be brief, Fed. R.

4

Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 556 U.S. at 676; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *Iqbal*, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added). Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of his rights. Plaintiff should also describe any harm he suffered as a result of the violation.

If Plaintiff decides to file a second amended complaint, he is also advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff may file a Second Amended Complaint, if he believes additional true factual allegations would state a claim, within **thirty (30) days** from the date of service of this order;
3. If Plaintiff chooses to file an amended complaint, it must be no longer than 20 pages long, and Plaintiff shall caption it, "Second Amended Complaint" and refer to the case number, 1:18-cv-00182-AWI-EPG;

4. Alternatively, within **thirty (30) days** from the date of service of this order, Plaintiff may notify the Court that he wishes to stand on this complaint, subject to the Court issuing findings and recommendations to the assigned district court judge recommending that the case be dismissed; and

5. If Plaintiff fails to file an amended complaint or notify the Court that he wishes to stand on this complaint within thirty (30) days from the date of service of this order, the Court will issue findings and recommendations to the assigned district judge recommending that Plaintiff's case be dismissed for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **March 22, 2018**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE