# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL FERGUSON,<br><br>Plaintiff,<br><br>v.<br><br>D. TURNER, *et al.*,<br><br>Defendants. | Case No. 1:18-cv-00182-AWI-EPG (PC)<br><br>**ORDER ON MOTIONS FOR APPOINTMENT OF COUNSEL, FILING SUPPLEMENTAL COMPLAINT, AND FILING OVER LENGTH COMPLAINT; AND FINDINGS AND RECOMMENDATIONS THAT ALL CLAIMS AND DEFENDANTS BE DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**<br><br>(ECF No. 28, 29, 30, 31, 32)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS** |

Rafael Ferguson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a prisoner civil rights complaint on April 3, 2017. (ECF No. 1.) Plaintiff's initial Complaint (*id.*) and First Amended Complaint (ECF No. 11) were dismissed with leave to amend (ECF Nos. 5, 19, 25). The Court now has before it Plaintiff's Motion for Appointment of Counsel (ECF No. 32); Plaintiff's Motion for Leave to File a Supplemental Complaint (ECF No. 28); Plaintiff's "supplemental complaint," which has been docketed as Plaintiff's Second Amended

1

Complaint (ECF No. 29); and Plaintiff's lodged Third Amended Complaint (ECF No. 30). The Court has screened both the Second Amended Complaint and the lodged Third Amended Complaint. For the reasons discussed below, the Court recommends dismissal of this action with prejudice.

## I. BACKGROUND

**A. Proceedings in Southern District of California**

Plaintiff filed this action in the U.S. District Court for the Southern District of California on April 3, 2017. In his initial Complaint, Plaintiff named over 70 individual defendants. Plaintiff alleged various constitutional violations stemming from his incarceration at Calipatria State Prison ("CAL"), Kern Valley State Prison ("KVSP"), and California Correctional Institute in Tehachapi, California ("CCI"). Specifically, he alleged that Defendants violated his right to be free from cruel and unusual punishment beginning in January 2011, while he was incarcerated at CAL, and after he decided to "drop[] out of the prison gang (Mexican Mafia)," was eventually "debriefed" at CCI between May 2013 and January 2015, was transferred to a transitional housing unit at KVSP until July 2016, and was later transferred back to the Segregated Housing Unit at CCI. (ECF No. 1 at 14-47.) Plaintiff claimed that, since that time, Defendants at all three prisons retaliated against him and conspired in a coordinated effort against him by poisoning and/or contaminating his food, his water, and the air; threatening him; harassing him; and denying him medical care for a host of ailments he claims were caused by his treatment since he "dropped out" of the Mexican Mafia at CAL in 2011. (*Id.*) Plaintiff also moved for appointment of counsel. (ECF No. 4.)

On July 12, 2017, District Judge John A. Houston of the Southern District of California issued a screening order dismissing all of Plaintiff's claims alleged to have arisen at CAL as untimely and denying Plaintiff's request for appointment of counsel. (ECF No. 5 at 4-5, 8-11, 14-15.) Judge Houston granted Plaintiff leave to file an amended complaint within 45 days. The judge warned Plaintiff that should the amended complaint fail to allege any plausible and timely claim for relief against the CAL Defendants, the claims alleged to have arisen at CAL would be dismissed as untimely without leave to amend. The judge also informed Plaintiff

that should the amended complaint reallege timely and plausible claims for relief arising at CCI or KVSP against correctional officials employed by those institutions, the case would be transferred to the Eastern District of California, where venue would be proper for the remaining claims. (ECF No. 5 at 12-15.)

On August 18, 2017, Plaintiff filed a motion for an extension of time to file an amended complaint (ECF No. 7) and subsequently filed a motion for leave to file a supplemental complaint, attaching the proposed supplemental complaint (ECF No. 9). Judge Houston granted the motion for an extension of time but denied without prejudice the motion for leave to file a supplemental complaint, noting that although supplemental pleadings are allowed under Federal Rule of Civil Procedure 15(d), the court did not have before it an operative first amended complaint that asserted any timely and plausible claims for relief alleged to have occurred in the Southern District of California. (ECF No. 10 at 4-5.)

On October 16, 2017, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 11.) On October 17, 2017, Plaintiff filed a renewed motion for appointment of counsel (ECF No. 13), motion for Extension of Time (ECF No. 15), and motion to Expand Complaint (ECF No. 17). On February 5, 2018, Judge Houston issued an order denying the motion for extension of time as unnecessary, as Plaintiff had timely filed his First Amended Complaint; denied Plaintiff's renewed motion to appoint counsel; and granted Plaintiff's motion to expand his FAC (ECF No. 19 at 3-5). Regarding the FAC, Judge Houston concluded that all allegations related to Plaintiff's time at CAL were barred by the statute of limitations and should be dismissed. (*Id.* at 9-15.) Judge Houston thus dismissed the CAL defendants from the action, and transferred the case to this district, explaining, "[b]ecause the Court finds transfer appropriate, it expresses no opinion as to whether Plaintiff's remaining claims survive the *sua sponte* screening required by both 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b) and leaves that determination to the Eastern District of California." (*Id.* at 15.)

**B.  Proceedings in the Eastern District of California**

This Court reviewed the First Amended Complaint ("FAC"), and found it illegible, incomprehensible, and subject to dismissal in violation of Rule 8 of the Federal Rules of Civil

Procedure, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." (ECF No. 25 at 2-4.) The Court gave Plaintiff the option of filing, within 30 days of the Court's Order, a Second Amended Complaint limited to no more than 20 pages with legible handwriting if Plaintiff believed additional true factual allegations would state a claim or, alternatively, gave Plaintiff the option of stating that he stands on the FAC, in which case the Court would recommend to the District Judge that the FAC be dismissed for reasons described in the Court's order. (*Id*. at 4)

On April 23, 2018, Plaintiff moved for a 45-day extension of time to file a second amended complaint (ECF No. 26), which the Court granted (ECF No. 27). On May 11, 2018, Plaintiff filed a Motion for Leave to File a Supplemental Complaint (ECF No. 28) and a "supplemental complaint" (ECF No. 29), which the Court docketed as Plaintiff's Second Amended Complaint. On June 4, 2018, Plaintiff filed a Motion to Expand the Complaint beyond the twenty-page limit (ECF No. 30), and submitted another amended complaint, which was lodged with the Court as Plaintiff's Third Amended Complaint (ECF No. 31).

## II.     MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a third motion for appointment of counsel. (ECF No. 32.) As noted, Plaintiff first filed a motion to appoint counsel on April 3, 2017 (ECF No. 4), which Judge Houston denied on July 12, 2017 (ECF No. 5). Plaintiff filed a second motion to appoint counsel on October 17, 2017 (ECF No. 13), which Judge Houston denied on February 5, 2018 (ECF No. 19). Plaintiff's third motion requests that counsel be appointed for many of the same reasons set forth in his previous motions, including his indigence, limited knowledge of the law, limited access to the law library, and inability to comprehend case law and the rules of the court. (ECF No. 32.) Plaintiff also cites the complexity of his case, including the number of defendants against which he brings claims in his amended complaints. (*Id.*)

There is no constitutional right to counsel in a civil case, and none of Plaintiff's pleadings in this matter demand that the Court exercise its discretion to request that an attorney represent Plaintiff *pro bono* pursuant to 28 U.S.C. § 1915(e)(1) at this stage of the

proceeding. *See Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981); *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Only "exceptional circumstances" support such a discretionary appointment. *Agyeman*, 390 F.3d at 1103. "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citation omitted); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

The Court cannot find that Plaintiff has a likelihood of success on the merits, and the Court finds that Plaintiff is able to adequately articulate the facts such that the circumstances required by 28 U.S.C. § 1915(e)(1) are not present. *See id.*; 28 U.S.C. § 1406(a); *see also Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). Accordingly, Plaintiff's request for appointment of counsel is denied.

### III. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii). Although *pro se* litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *see Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012), a plaintiff's claims must be facially plausible to survive screening. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under this standard, a complaint must include sufficient factual detail to allow a court to reasonable infer that each of the named defendants is liable for the alleged misconduct. *Id.*

## IV. TREATMENT OF PLAINTIFF'S COMPLAINTS

As an initial matter, Plaintiff has filed two complaints—a Third Amended Complaint (ECF No. 31) and a "supplemental complaint" (ECF No. 28)—which contain overlapping allegations.

Local Rule 220, which applies to "changed pleadings," including supplemental pleadings filed under Federal Rule of Civil Procedure 15(d), provides:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading. Permission may be obtained from the Court, if desired, for the removal of any exhibit or exhibits attached to a superseded pleading, in order that the same may be attached to the changed pleading.

Local Rule 220. Plaintiff has not provided a single complaint that is complete in itself without reference to any prior or superseded pleading as required under Rule 220.

Further, as noted, the Court gave Plaintiff the option of filing, within 30 days of the Court's Order, a Second Amended Complaint limited to no more than 20 pages. (ECF No. 25 at 4.) Plaintiff has, instead, filed two proposed complaints, one that is 14 pages and one that is 26 pages, for a total of 40 pages. Plaintiff is thus also in violation of the Court's order limiting any amended complaint to 20 pages in length.

Rather than recommend dismissal of Plaintiff's complaints for failure to comply with the Court's length limit, and failure to comply with Local Rule 220 by filing a proposed single complete document, and in order to expedite the screening process, the Court will exercise its discretion under Local Rule 220 to allow Plaintiff to file the two separate complaints (ECF Nos. 29 and 31) and to exceed the 20 page limit imposed by the Court. The Court will screen both Plaintiff's Second Amended Complaint (ECF No. 29) and Plaintiff's lodged Third Amended Complaint. (ECF No. 31.) Further, because the allegations in these complaints overlap, for purposes of screening, the Court will treat the Second Amended Complaint and the Third Amended Complaint as a single consolidated complaint (the "Consolidated Complaint").

## V. SUMMARY OF PLAINTIFF'S CONSOLIDATED AMENDED COMPLAINT

As described further below, Plaintiff's Consolidated Complaint is very long and difficult to understand. The following is a summary of the main allegations, as best as the Court can determine.

Plaintiff arrived at CCI on May 21, 2013. (ECF No. 31 at 3.) While incarcerated at CCI, he was poisoned by the water, food, and air because he "debriefed" after dropping out of a prison gang. As a result of being poisoned, he experienced various kinds of pain in his eyes, prostate, testicles, tongue, and gums, in addition to hair loss, usually following a comment or gesture made by one of the defendants that in some way related to these areas of Plaintiff's body. Additionally, Defendants harassed Plaintiff by turning off the lights when Plaintiff was having eye pain and difficulty seeing clearly and by giving Plaintiff food trays with "gay boy gangster" and other offensive language inscribed on them and with sanded-down lids. Defendants would also repeatedly hit the security device on Plaintiff's cell door and scratch Plaintiff's cell door.

Plaintiff was then transferred to KVSP on January 7, 2015. (ECF No. 31 at 14.) While incarcerated at KVSP, Plaintiff endured many of the same conditions: poisoning by water, food, and air; receiving food trays with "gay boy gangster," other gang-related messages, and "homosexual epithets" inscribed on them; and Defendants making "troaty" noises at Plaintiff that precipitated Plaintiff being poisoned in some manner and subsequently suffering from various symptoms and pain. Plaintiff alleges this treatment was in retaliation for Plaintiff "debriefing" after dropping out of a prison gang. Plaintiff also alleges that he was not notified that he had a hernia until July 12, 2016, two months after the condition was discovered.

Plaintiff was then transferred back to CCI on July 26, 2016. (ECF No. 31 at 19.) While incarcerated at CCI, Plaintiff endured many of the same circumstances already mentioned: sanded down food trays; food trays with offensive messages on them; and pain, discomfort, and swelling throughout his body. Plaintiff maintains he was being poisoned through the air, water, and food. Plaintiff also alleges that correctional officers stepped on him; sexually harassed him; required him to maintain more distance than necessary between himself and his

family during a visit (ECF No. 29 at 3); made throaty sounds that precipitated Plaintiff being poisoned and feeling pain; taunted Plaintiff about various foods (such as bananas and eggs), which caused him to experience pain in particular areas of his body; refused to update Plaintiff's medical accommodations; and altered Plaintiff's family photographs to make his family members' noses look larger. Plaintiff's glasses were also discarded without his consent, causing him to suffer from blurry vision and eye pain.

Plaintiff was then transferred to California Substance Abuse Treatment Facility and State Prison ("CSATF") on November 8, 2017. (ECF No. 29 at 9.) Plaintiff endured many of the same conditions: ongoing poisoning; food trays with offensive messages; swelling, numbness, and pain throughout his body; and respiratory issues. Plaintiff was denied family visits because the prison was on lockdown. Plaintiff was also being recorded by one of the correctional officers with a small camera. And, after getting into a fight, Plaintiff was placed in a holding cell naked while female nurses walked in and out of the cell, and another correctional officer laughed at Plaintiff as he was being "decontaminated." (ECF No. 29 at 10.)

## VI. SCREENING OF PLAINTIFF'S CONSOLIDATED COMPLAINT

### A. Federal Rules of Civil Procedure Rules 8, 10b, 18(a), and 20(a)(2)

Civil Rule of Civil Procedure 8 states that "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise and direct." Fed. R. Civ. P. 8(d)(1). Additionally, according to Rule 10(b), "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

The Court gave Plaintiff this direction in its prior screening order. The Court explained:

> Plaintiff's First Amended Complaint is 43 pages long. (ECF No. 11). It includes over 70 named defendants. It covers events at three prisons. The writing is single-spaced, small, and very difficult to read. There are no paragraphs, just a long string of sentences. The complaint describes various things that have happened over many years. . . .

> Rule 8(d)(1) states, "[e]ach allegation must be simple, concise, and direct." A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *See Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 640 (9th Cir. 1988); *see also McHenry v. Renne,* 84 F.3d 1172 (9th Cir. 1996). Rule 10(b) also requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b).
>
> Plaintiff's complaint is not a clear statement of his claim. It is very long. It is written in very small illegible handwriting. It does not state legal claims supported by facts. Instead, it is a long narrative of things that happened at three institutions over many years. It is very difficult to read. The Court cannot determine what claims Plaintiff is bringing or why. The Court cannot understand what each defendant did that violated Plaintiff's constitutional rights.
>
> It is not the responsibility of the Court to review a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims. Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give the defendants fair notice of his claims against them and of his entitlement to relief.

(ECF No. 25 at 3-4.)

The Consolidated Complaint again violates Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff's Consolidated Complaint still names over seventy defendants. The allegations span three prisons. The writing is single spaced and very small. It consists of paragraphs in roughly chronological order describing various events over more than four years. Plaintiff does not state what each defendant did and why that conduct violated a constitutional right. Instead, Plaintiff lists years of allegations about various correctional officers and inmates at three prisons allegedly harassing, poisoning, and retaliating against Plaintiff. A representative paragraph is as follows:

> In July 2016, c/o D. V. Lopez unexpectedly shows up to my cell, at D1, with [illegible] while I experienced for the first time in my life this very discomforting and painful feeling throughout my penis for a few hours. I was poisoned this day, but I don't know how or what. I now suffer from this symptom a lot when c/os poison me. This is very agonizing.

(ECF No. 31 at 18.)

9

The Complaint does not provide a clear statement as to what each defendant did and why that conduct violated Plaintiff's constitutional rights. Although the Court must liberally construe *pro se* pleadings, the Court also has an obligation to screen out complaints that do not clearly set forth cognizable claims against each defendant. It is not the Court's job to decipher what, if any, legal claims could arise from four years of allegations against seventy defendants. Moreover, it is the Court's obligation to screen complaints so as not to burden seventy defendants with litigation.

The Consolidated Complaint also runs afoul of the joinder rules because it asserts many claims against many individuals, from different prisons and periods of time. As noted, the Consolidated Complaint includes allegations from three different prisons—CCI, KVSP, and CSATF—including two separate terms of incarceration at CCI. Under Rule 18(a) of the Federal Rules of Civil Procedure, "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Rule 20(a)(2) of the Federal Rules of Civil Procedure allows defendants to be joined in one action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

Plaintiff's Consolidated Complaint is subject to dismissal in full based on these rules. The Court is not required to, and indeed cannot, sort through all the various allegations and defendants and evaluate which, if any, could possibly state a legal claim in construing the facts in Plaintiff's favor.

That said, the Court has reviewed Plaintiff's allegations and summarizes below that the Court recommends that the Consolidated Complaint be dismissed with prejudice and without leave to amend as it does not state any cognizable claims against any Defendants and further amendment would be futile. *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).

\\\

**B.      Eighth Amendment Deliberate Indifference Claims**

Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Id.* (citation omitted). A mere delay in receiving medical treatment is sufficient to state a claim for deliberate indifference to a serious medical need only if the delay led to further harm. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

Underlying Plaintiff's deliberate indifference claims are his allegations that he has been subjected to ongoing and continuous poisoning through injections, the air he was breathing, and through the food, water, and other drinks he consumed while incarcerated, and that this ongoing poisoning is causing him pain and various health conditions. (*See, e.g.,* ECF No. 29 at 4, 5, 7, 8, 9, 10, 11; ECF No. 31 at 9, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23.) Plaintiff claims that Defendants were deliberately indifferent through their responses to his complaints of the poisonings and symptoms and pain he suffered as a result of the poisonings.

"Common sense and judicial experience leads the Court to conclude that these claims are facially implausible." *Lamon v. Tilton*, No. 1:07CV-00493AWI DLBPC, 2009 WL 1884361, at *3 (E.D. Cal. June 30, 2009), *report and recommendation adopted*, 2009 WL 2461309 (E.D. Cal. Aug. 11, 2009) (rejecting as facially implausible the plaintiff's claim that prison officials were engaged in an elaborate and seemingly coordinated conspiracy to retaliate against the plaintiff through, among other things, poisoning him); *see also Williams v. Lopez*, No. 2:16CV0131KJMKJNP, 2016 WL 921550, at *2 (E.D. Cal. Mar. 11, 2016), *report and recommendation adopted*, 2016 WL 3181214 (E.D. Cal. June 7, 2016) (Noting, in denying

11

finding of imminent danger, that the "court has informed plaintiff, on numerous prior occasions, that her allegations about being poisoned are not plausible.").

Plaintiff's poisoning allegations do not state a plausible claim for relief and should be dismissed. It is not plausible that various unrelated defendants at multiple prisons were poisoning Plaintiff through various methods including the air and water.

Further, it appears that Plaintiff has been provided with some treatment in response to his reporting of poisoning and the various symptoms he claims he suffers as a result of the poisoning. For example, Plaintiff alleges that when he "made it very clear that I was being poison[ed] daily," Defendants responded by providing him with a psych-referral and "meaningless visit to the clinic." (ECF No. 31 at 15-16.) Plaintiff's disagreement with the treatment provided to him in response to his claims of poisoning is insufficient to demonstrate deliberate indifference. *See Colwell v. Bannister*, 763 F.3d 1060, 1085 (9th Cir. 2014) ("such differences of opinion do not evidence deliberate indifference").

As another example, Plaintiff alleges that he complained of various symptoms, such as "cheeks, the edges of [his] mouth becom[ing] numb and become swollen," "his gums and [his] jaw bone hurts," and he has "periodontal diseases." (ECF No. 29 at 11.) Plaintiff admits that he was provided with a dental appointment with "DDS, L. Chanza" to address these concerns. (*Id.*) Plaintiff does not allege that the dentist refused to examine or treat him. Instead, Plaintiff alleges that this dentist "antagoniz[ed] and threaten[ed] me by repeating the same throaty sound C/Os at KVSP and CCI would direct at me after just threatening me, or poisoning me." (*Id.*) To the extent Plaintiff disagrees with the treatment provided to him, this disagreement is insufficient to state a claim for deliberate indifference. *See Colwell*, 763 F.3d at 1085. To the extent Plaintiff is alleging that the dentist poisoned or was threatening to poison Plaintiff, the Court finds the allegation to be facially implausible and to not state a plausible claim for relief.

Plaintiff's claims of deliberate indifference to serious medical needs are facially implausible or indicate a mere difference of opinion regarding treatment. The Court recommends that these claims be dismissed for failure to state a plausible claim for relief. Further, because the allegations are implausible, or otherwise have defects that cannot be cured

by amendment, the Court recommends that the claims be dismissed with prejudice.

C.     **Eighth Amendment Harassment Claims**

Plaintiff alleges that Defendants engaged in harassment of him in violation of the Eighth Amendment. "[V]erbal harassment generally does not violate the Eighth Amendment." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *opinion amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998) (citing *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987)). Additionally, "allegations of verbal threats… alone are insufficient to state an Eighth Amendment claim." *Ferguson v. Pagati*, 2013 WL 2989426 at *4 (C.D. Cal. 2013). However, harassment that does not serve a legitimate need of the prison or that is aimed to punish in a manner unrelated to prison needs can constitute an Eighth Amendment violation. *Hudson v. Palmer*, 468 U.S. 517, 530 (1984); *Peckham v. Wisconsin Dep't of Corr.*, 141 F.3d 694, 697 (7th Cir. 1998).

Plaintiff's allegations of harassment include Defendants giving him food trays with homosexual epithets, with sanded-down lids, and with hair and/or plastic on his food; walking by Plaintiff's cell maliciously coughing and sniffling when Plaintiff complained of being poisoned through the air; and making comments about Plaintiff's body that then caused Plaintiff to feel pain in those body parts. Although these types of incidents may make Plaintiff feel uncomfortable and mentally distressed, and may perhaps result in psychosomatic symptoms, Plaintiff's allegations are insufficient to demonstrate that Defendants' conduct was "unnecessary and wanton" and "totally without penological justification." *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (citing *Gregg v. Georgia*, 428 U.S.153, 183 (1976)); *see Keenan*, 83 F.3d at 1092 (to establish Eighth Amendment harassment claim, plaintiff must "present[] evidence that these comments were unusually gross even for a prison setting and were calculated to and did cause [the plaintiff] psychological damage"). Plaintiff has, accordingly, failed to state a plausible claim for harassment in violation of the Eighth Amendment. Further, because further amendment of these claims would be futile, the Court recommends that the claims be dismissed with prejudice.

\\\

**D.     First Amendment Retaliation Claims**

Plaintiff alleges that Defendants retaliated against him in violation of the First Amendment. To establish a retaliation claim, a plaintiff must allege the following: (1) he engaged in conduct that is protected (e.g., filing an inmate grievance), (2) "the defendant took adverse action against the plaintiff," (3) "a causal connection between the adverse action and the protected conduct," which can be inferred from the chronology of events, (4) the defendant's conduct would "chill or silence" a reasonable person's First Amendment activities, and (5) the defendant's conduct "did not advance legitimate goals of the correctional institution." *Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012) (citations omitted).

Plaintiff alleges that Defendants engaged in various acts of poisoning in retaliation for conduct Plaintiff engaged in, including his debriefing about his prior gang affiliation and visits with his family. (*See, e.g.,* ECF No. 29 at 4, 5, 7, 8, 9, 10, 11; ECF No. 31 at 9, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23.) As indicated previously, Plaintiff's allegations that he was being poisoned are facially implausible, and accordingly the allegations of retaliation by poisoning do not state a plausible claim for relief.

Plaintiff alleges that he was given food trays with "homosexual epithets" and other offensive language inscribed on them and with sanded down lids in retaliation for various conduct he engaged in. (*See, e.g.,* ECF No. 29 at 7; ECF No. 31 at 14-18.) Assuming Plaintiff engaged in protected conduct, he has not alleged facts demonstrating that the food trays he was provided were in response to such conduct.

Similarly, Plaintiff has failed to allege facts sufficient to demonstrate a causal connection between his filing of prison complaints and the provision to him of food trays with hair on them. For example, there is no allegation indicating that Defendant Lopez, who allegedly gave him the tray, knew about or was concerned or upset about Plaintiff's filing of a complaint.

As to the alleged wire-tapping of Plaintiff's cell, Plaintiff has failed to allege facts sufficient to establish that this wire-tapping is an "adverse action," that the alleged wire-tapping was not advancing legitimate goals of the prison, and that there is a causal connection between

the alleged wire-tapping and any protected conduct.

In sum, Plaintiff fails to state a plausible claim for retaliation in violation of the First Amendment. *See Watison*, 668 F.3d at 1114-15. Because further amendment of these claims would be futile, the Court recommends that the retaliation claims be dismissed with prejudice.

## VII. ORDER

**1.** Plaintiff's Motion for Appointment of Counsel (ECF No. 32) is denied.

**2.** Plaintiff's Motion to Expand the Complaint beyond Twenty Pages (ECF No. 30) is GRANTED.

**3.** The Clerk of the Court is directed to file the lodged Third Amended Complaint (ECF No. 31).

**4.** Plaintiff's Motion for Leave to File a Supplemental Complaint (ECF No. 28) is GRANTED.

## VIII. FINDINGS AND RECOMMENDATIONS

The Court has treated Plaintiff's Second Amended Complaint (ECF No. 29) and Third Amended Complaint (ECF No. 31) as a single Consolidated Complaint, and has screened the Consolidated Complaint. The Court finds that the allegations in the Consolidated Complaint insufficient to state claims for deliberate indifference to a serious medical need in violation of the Eighth Amendment, for harassment in violation of the Eighth Amendment, or for retaliation in violation of the First Amendment. The Court recommends dismissing all claims and Defendants. Because amendment would be futile, the Court recommends dismissal with prejudice and without leave to amend. Accordingly,

IT IS HEREBY RECOMMENDED that all claims and Defendants be dismissed with prejudice and without leave to amend. The defects raised in this order cannot be cured by additional facts. Plaintiff has clearly stated the facts regarding the underlying conduct, and the Court finds that such conduct does not violate a constitutional right. Moreover, this is Plaintiff's Second and Third Amended Complaint, which the Court has consolidated for purposes of screening into the Consolidated Complaint. The Court finds that further amendment would be futile.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **twenty-one (21) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 27, 2018**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE